UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Charlene Simmons,<br><br>                          Plaintiff,<br>     -v-<br>Trans Express Inc.,<br><br>                          Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Charlene Simmons ("Plaintiff," or "Simmons"), by Abdul Hassan Law Group, PLLC, her attorneys, complaining of the Defendant Trans Express Inc. ("Defendant" or "Trans Express") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), she is: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C § 216(b).

2. Plaintiff complains pursuant to the New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate and 1.5 times the NYS minimum wage rate for all such hours over forty in a week, and (ii) entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly, costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulation there under - 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover her unpaid wages, and wage deductions, under Article 6 of the New York Labor Law including sections 191, 193, 198, compensation for not receiving

notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Charlene Simmons ("Plaintiff" or "Simmons") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and at all times relevant herein, Defendant was a New York corporation with its offices located in Kings County, New York at 150 Conover St, Brooklyn, NY 11231, where Plaintiff was employed.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, Defendant was engaged in providing transportation services. See http://www.durhamschoolservices.com/

10. Upon information and belief, and at all relevant times herein, Defendant operated at several locations and employed approximately hundreds of employees in New York State.

11. At all times relevant herein, Plaintiff was employed by Defendant as a driver and she performed all physical and repetitive tasks within this capacity including assisting passengers, lifting/packing/moving items and operating a motor vehicle throughout her workday in Queens County, New York.

12. Plaintiff Simmons was employed by Defendant from in or around April 2012 to in or around April 2013 and then from in or around June 2016 to on or about June 18, 2018.

13. At all times relevant herein, Plaintiff was paid at a regular rate of about $12.50 an hour.

14. At all times relevant herein, Plaintiff worked approximately 60-84 hours each week for Defendant; 5-7 days a week and was paid at her straight regular rate of all hours worked including overtime hours worked (hours over 40 in a week).

15. A more precise statement of the hours and wages will be made when Plaintiff Simmons obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

16. At all times relevant herein, Defendant failed to pay Plaintiff at a rate of at least 1.5 times her regular rate and 1.5 times the NYS minimum wage rate for hours worked in excess of 40 in a week, for each week during the period of her employment with Defendant.

17. At all times relevant herein, Defendant paid Plaintiff on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

18. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

19. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain the weekly hours worked by Plaintiff, nor Plaintiff's regular and overtime rates of pay, among other deficiencies.

20. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for all hours worked in excess of forty hours each week.

21. Upon information and belief and at all times relevant herein, Defendant, had annual revenues from its operations of more than $500,000.

22. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

23. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving the purchase of materials, equipment, and supplies.

24. Upon information and belief, and at all times relevant herein, Defendant as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

25. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York, and in the stream of interstate commerce.

26. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

27. At all times applicable herein and upon information and belief, Defendant utilized the

instrumentalities of interstate commerce such as the United States mail, internet, electronic mail and telephone systems.

28. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

29. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

30. "Plaintiff" as used in this complaint refers to the named Plaintiff.

31. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)**

32. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

33. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA - 29 U.S.C 201 et Seq.

34. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207.

35. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

36. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

37. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

40. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times his regular rate of pay, and 1.5 times the NYS minimum wage rate for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

41. Due to Defendant's NYLL overtime violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime wages, maximum liquidated damages – including maximum liquidated damages on overtime wages paid later than weekly, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

## AS AND FOR A THIRD CAUSE OF ACTION
## (NYLL § 190, 191, 193, 195, and 198)

42. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 41 above with the same force and effect as if fully set forth at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, and 198 and the applicable regulations thereunder.

44. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker within the meaning of NYLL 191 (1)(a)(i) who should have been paid all overtime and non-overtime wages no later than weekly.

45. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193, 196 and 198 by failing to pay Plaintiff her wages, including her unpaid overtime wages, (FLSA and NYMWA), within the time required under NY Labor Law § 190 et seq.

46. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff, with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

47.  At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

48. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193, and 198, Plaintiff is entitled to recover from Defendant, her entire unpaid wages,

including her unpaid overtime wages, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

49. Declare Defendant (including its overtime and wage payment policy and practice as well as its wage deduction policy and practice), to be in violation of the rights of Plaintiff under the FLSA and New York Labor Law - 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL §§ 191, 193, 195 and 198.

50. As to the **First Cause of Action,** award Plaintiff her unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

51. As to the **Second Cause of Action,** award Plaintiff her unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages – including maximum liquidated damages on overtime wages paid later than weekly, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

52. As to the **Third Cause of Action**, award Plaintiff her entire unpaid wages, including her unpaid overtime wages, unlawful wage deductions, maximum liquidated damages- including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198, and issue an injunction directing Defendant to comply with NYLL 195(1) and NYLL 195(3).

53. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

54. Award Plaintiff further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **October 24, 2018**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*