UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Charlene Simmons,<br><br>         Plaintiff,<br>-v-<br><br>Trans Express Inc.,<br><br>         Defendant. | Civ. Action #: 18-CV-05938 (ENV)(RLM)<br><br>**NOTICE OF APPEAL** |

**TO:**  **McDermott Will & Emery LLP**
     By: Ms. Aimee S Lin, Esq.
     *Counsel for Defendant Trans Express Inc.*
     340 Madison Avenue
     New York, NY 10173
     Tel: 212-547-5691
     Fax: 212-547 5444

     **United Stated District Court, EDNY**
     (NOA via ECF)
     Clerk of Court
     225 Cadman Plaza East
     Brooklyn, NY 11201
     Tel: 718-613-2600

  **PLEASE TAKE NOTICE** that plaintiff, by her counsel Abdul Hassan Law Group, PLLC, hereby appeals to the United States Court of Appeals for the Second Circuit, from an Order of the United States District Court for the Eastern District of New York, Hon. Eric N. Vitaliano, dated February 7, 2019, and entered and filed on February 19, 2019. Plaintiff-appellant Simmons also appeals all other related orders, judgments and papers in this action, if any.

  The Order and Judgment appealed from, granted, defendant's pre-answer motion to dismiss and dismissed the complaint with prejudice.

This appeal is taken from each and every part of the Order and Judgment described above as well as the whole thereof.

**Dated: Queens Village, New York**
   **February 19, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

   /s/ Abdul Hassan
**By: Abdul K. Hassan, Esq.**
*Counsel for Plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: (718) 740-1000

## CERTIFICATE OF SERVICE

I, Abdul K. Hassan, counsel for plaintiff in the above-entitled action, hereby certify that a copy of plaintiff's Notice of Appeal, was served on February 19, 2019 on counsel of record for defendant, Ms. Aimee S. Lin, Esq., via this Court's ECF filing system.

Dated: Queens Village, New York
   February 19, 2019

   /s/ Abdul Hassan
Abdul K. Hassan, Esq.

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
CHARLENE SIMMONS,                              :
                                               :
                        Plaintiff,             :
                                               :   MEMORANDUM & ORDER
             -against-                         :
                                               :   18-cv-5938 (ENV) (RLM)
TRANS EXPRESS INC.,                            :
                                               :
                        Defendant.             :
---------------------------------------------------------------- x
```

VITALIANO, D.J.

Plaintiff Charlene Simmons commenced this action on October 24, 2018. (Compl., ECF No. 1). She alleges that she is entitled to unpaid overtime wages, liquidated damages, and attorney's fees stemming from defendant Trans Express Inc.'s violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Minimum Wage Act, N.Y. Lab. Law § 650 et seq. ("NYLL"). (Compl. ¶¶ 1-3). On January 18, 2019, Trans Express moved to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot., ECF No. 11). Trans Express contends that this action is barred by the doctrine of res judicata because of a previous proceeding in Queens Civil Court, Small Claims Part 45 ("small claims court"). (Def. Br. at 2, ECF No. 11-5). For the reasons set forth below, the motion is granted.

Background

As its name suggests, Trans Express is a transportation services company headquartered in Brooklyn. (Compl. ¶¶ 8-9). Simmons was employed by Trans Express as a driver from April 2012 to April 2013 and, subsequently, from June 2016 to June 2018. (*Id.* ¶ 11-12). She alleges that, throughout her employment there, she was paid at a regular rate of approximately $12.50 an hour and worked more than 40 hours a week but was not paid at an overtime rate. (*Id.* ¶¶ 13-14,

1

16). As a result, plaintiff claims that Trans Express violated the unpaid overtime provisions of FLSA, (*id.* ¶¶ 32-37), as well as several provisions of NYLL, (*id.* ¶¶ 38-48). She seeks a declaratory judgment, along with an award of unpaid wages, liquidated damages, interest, costs, and attorney's fees. (*Id.* ¶¶ 49-54).

Prior to bringing this lawsuit, it is undisputed, in August 2018, Simmons filed suit against Trans Express in small claims court, seeking "monies arising out of nonpayment of wages." Summons, *Simmons v. Trans Express Bus Co.*, No. S.C.Q. 2847/2018 (N.Y. Civ. Ct. Aug. 10, 2018). On September 4, 2018, after trial before a small claims arbitrator, Simmons was awarded a $1,000 judgment, along with a $20 disbursement. Notice of Judgment, *Simmons* (N.Y. Civ. Ct. Sept. 4, 2018). This judgment was satisfied on September 28, 2018. Notice of Payment, *Simmons* (N.Y. Civ. Ct. Oct. 15, 2018). After the smoke cleared in state court, Simmons filed this lawsuit.

## Legal Standard

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the district court must (1) accept as true all of the plaintiff's factual allegations and (2) draw all reasonable inferences in her favor. *See Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014). Courts must, nevertheless, ensure that a complaint pleads "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than

2

a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint fails to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

## Discussion

Trans Express contends that plaintiff's prior action in small claims court precludes the present litigation. Its motion rests entirely on the doctrine of res judicata. According to that doctrine, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998). Because the small claims action brought by Simmons was decided by a New York court, New York law determines the preclusive effect of the earlier judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *accord Cloverleaf Realty of N.Y., Inc. v. Town of Wawayanda*, 572 F.3d 93, 95 (2d Cir. 2009) (quoting *id.*). The issues presented by the judgment awarded to Simmons are (1) whether res judicata applies to judgments rendered in small claims court, (2) whether an exception to res judicata applies due to the limits on recovery in small claims court, and (3) whether plaintiff's present claims arise from the same facts as the previous

3

action and could have been raised in that action. The Court also considers several minor issues raised by plaintiff.

I.  Preclusive Effect of Small Claims Court Judgments

As a fundamental rule, res judicata applies to judgments of New York's small claims courts. *See, e.g., Walters v. T&D Towing Corp.*, No. 17-cv-681 (JS) (AKT), 2018 WL 1525696, at *4 (E.D.N.Y. Mar. 28, 2018); *Chapman v. Faustin*, 150 A.D.3d 647, 647, 55 N.Y.S.3d 219 (1st Dep't 2017). Arguing to the contrary, plaintiff relies in principal part on New York City Civil Court Act § 1808.[1] This statute provides that judgments in small claims courts "shall not be deemed an adjudication of any fact at issue or found therein in any other action or court." N.Y. City Civ. Ct. Act § 1808. However, the legislative history of this provision makes clear that it concerns only collateral estoppel, or issue, as opposed to claim, preclusion, and, therefore, not the preclusive effects of res judicata. The legislative bill jacket, completed at the bill's signing, which compiles the pertinent legislative history, makes clear that the very purpose of the bill was to clarify that "[t]he true intent of section 1808 is to make clear that a small claims judgment has no collateral estoppel or 'issue preclusion' effect in a subsequent proceeding." N.Y. Bill Jacket, 2005 A.B. 4320, Ch. 443.

An earlier version of the statute used the term "res judicata," but the legislative history of this 2005 amendment explains that "[t]he use of the term 'res judicata' [was] . . . inapposite." *Id.* The Legislature noted that "[t]he courts have consistently held that a small claims judgment is res judicata when the same claim is filed in another court," and cited five examples with

---

[1] The parties cite the New York Uniform City Court Act rather than the New York City Civil Court Act, but it is the latter that establishes and governs Queens Small Claims Court. Fortunately, § 1808 is identical in each statute, and the statutes were altered by the same 2005 amendment.

4

approval. *Id.* Plainly, this history confirms that New York law gives claim preclusive effect to small claims court judgments. It is a conclusion that is reinforced by abundant case law. *See, e.g., Chapman*, 150 A.D.3d at 647; *Tovar v. Tesoros Prop. Mgmt., LLC*, 119 A.D.3d 1127, 1128-29, 990 N.Y.S.2d 307 (3d Dep't 2014); *Merrimack Mut. Fire Ins. Co. v. Alan Feldman Plumbing & Heating Corp.*, 102 A.D.3d 754, 754-55, 961 N.Y.S.2d 183 (2d Dep't 2013). Therefore, the fact that Simmons's prior suit was decided in small claims court will not rescue this action from the bar of res judicata, if the bar is otherwise applicable.

II.   Limitation on the Availability of Relief

Plaintiff contends that res judicata does not apply because the small claims court was only empowered to award $5,000 in damages and the present action seeks greater relief. However, the Appellate Division rejected this precise argument in *Chapman*, where it held that a small claims judgment operated as a bar to a future action, "even though, were plaintiff to have brought and proven his claims in [state] Supreme Court in the first instance, he could have sought a larger award." *Chapman*, 150 A.D.3d at 647. The court explained that "plaintiffs could have pursued all relief in a single action in the Supreme Court, but opted instead to pursue the claim in the Small Claims Part of the Civil Court," and it refused to allow plaintiffs to escape the consequences of that decision. *Id.*

Simmons does cite case law according to which "res judicata is inapplicable if formal jurisdictional or statutory barriers precluded the plaintiff from asserting its claims in the first action." *Weitz v. Wagner*, No. 07-cv-1106 (KAM) (ETB), 2008 WL 5605669, at *3 (E.D.N.Y. July 24, 2008) (quoting *Comp. Assocs. Int'l v. Altai, Inc.*, 126 F.3d 365, 370 (2d Cir. 1997)), *report and recommendation adopted*, ECF No. 54 (E.D.N.Y. Aug. 11, 2008). Significantly, the formal jurisdictional barrier in *Weitz* was a provision of the Fair Credit Reporting Act directing

5

all suits under the act to federal court. *Id.* at *4 (citing 15 U.S.C. § 1681 et seq.; 28 U.S.C. § 1331). In other words, the small claims court had no power to entertain the plaintiff's claims, nor did any other state court for that matter, and, as a result, the judgment failed the requirement that it be rendered "by a court of competent jurisdiction," *KIPP Acad. Charter Sch. v. United Fed'n of Teachers*, 723 F. App'x 26, 29 (2d Cir. 2018).

Contrarily, Simmons does not contend that the small claims court's judgment was jurisdictionally defective but, rather, that she now wants a greater damages award than she was able to obtain in the court she chose for the first go around. Courts have held that res judicata does not apply when a plaintiff could not seek damages in a prior action (i.e., when she could only seek equitable relief) but have not recognized an exception to the doctrine when a plaintiff was merely limited to a smaller damages award than desired. *See, e.g.*, *Leather v. Eyck*, 180 F.3d 420, 425 (2d Cir. 1999); *Parker v. Blauvelt Volunteer Fire Co., Inc.*, 93 N.Y.2d 343, 347, 712 N.E.2d 647, 690 N.Y.S.2d 478 (1999). More generally, New York law dictates that, despite the limited exceptions discussed above, "[t]he fact that causes of action may . . . seek different relief will not permit relitigation of claims." *Sciangula v. Montegut*, 165 A.D.3d 1188, 1190, 87 N.Y.S.3d 47 (2d Dep't 2018) (quoting *Bayer v. City of New York*, 115 A.D.3d 897, 898, 983 N.Y.S.2d 61 (2d Dep't 2014)). Therefore, the judgment of the small claims court for which Simmons opted and won precludes the present litigation, regardless of the statutory limitations on the damages recoverable in that court.[2]

---

[2] Neither party invokes the fact that Simmons now seeks a declaratory judgment, a form of equitable relief that was unavailable in small claims court. Out of an abundance of caution, the Court will consider this argument. Nonetheless, the prayer for a declaratory judgment will not save Simmons's claim because electing to sue in small claims court, where a declaratory judgment was unavailable, was a choice of remedy analogous to the choice Simmons made when

6

III.     Same Transaction

Of course, the mere restatement of law recognizing the power of New York's small claims courts to render a judgment with res judicata effect does not necessarily mean that the small claims court judgment won by Simmons against Trans Express bars her claims against Trans Express in this case. "To prove the affirmative defense [of res judicata] a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Thomas v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 314, 331 (E.D.N.Y. 2013) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)).

To begin, there is no indication in the official record that the small claims court's

---

she elected to pursue no more than $5,000 in damages. As in *Chapman*, plaintiff could have sought all relief she desired by suing originally in this Court, but she foreclosed the possibility of a declaratory judgment by her choice to sue in small claims court. Moreover, by awarding Simmons damages, the small claims court declared her rights, and, consequently, a declaratory judgment from this Court would not afford her any relief she has not already obtained. In general, a declaratory judgment action "cannot be maintained [when] it parallels [a plaintiff's] other claims and merely seeks a declaration of the same rights and obligations." *Campione v. Campione*, 942 F. Supp. 2d 279, 285 (E.D.N.Y. 2013) (citations omitted); *accord Smith v. Metro. Prop. & Liab. Ins. Co.*, 629 F.2d 757, 760 (2d Cir. 1980) (citing *Necchi S.p.A. v. Necchi Sewing Mach. Sales Corp.*, 348 F.2d 693, 696 (2d Cir. 1965)). "Plaintiff['s] declaratory judgment claim seeks resolution of legal issues that [were], of necessity, . . . resolved in the course of the litigation" in small claims court, and "the claim is duplicative in that it seeks no relief that [was] not implicitly sought" in the earlier action. *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 249 (S.D.N.Y. 2006). *Campione*, *Smith*, and *Sofi Classic* authorize courts to decline to hear declaratory judgment claims alongside claims for coercive relief, but their reasoning applies equally when a party seeks a declaratory judgment having already won a damages award. Furthermore, because the earlier judgment entailed a declaration of Simmons's rights, she has already "received substantially all of the relief [s]he sought to obtain," and her claim for declaratory judgment is effectively moot. *Maloney v. County of Nassau*, No. 03-cv-4178 (SLT) (MLO), 2009 WL 922064, at *10 (E.D.N.Y. Mar. 31, 2009). Consequently, even if this argument had been raised, it would not have saved the present action from the bar of res judicata.

7

judgment was anything but an adjudication on the merits. Indeed, the notice of judgment discloses that the court reached its decision after trial. Notice of Judgment, *Simmons* (N.Y. Civ. Ct. Sept. 4, 2018). Furthermore, it is clear that Simmons was the plaintiff in the prior action. *Id.* The only point of contention is whether the claims asserted now were or could have been raised in the prior action.

Because plaintiff's present claims, like her claims in small claims court, arise from her employment at Trans Express and had accrued prior to the small claims proceeding, they could have been raised in the prior proceeding and are barred by res judicata. In other words, the present claims are "based upon the same harm and aris[e] out of the same or related facts," *Chapman*, 150 A.D.3d at 647. The notice of judgment in the small claims proceeding clearly indicates that Simmons had raised a claim for "unpd. OT." Notice of Judgment, *Simmons*. It is hard to construe this to mean anything other than unpaid overtime.

Confronted with the unintended consequences of her decision to pursue expedited relief in small claims court, Simmons seeks to recast it by contending that the small claims court proceeding related to her termination and that she sought pay solely for overtime following her termination. However, the Appellate Division has specifically "reject[ed the] contention that [a prior] judgment does not preclude this claim because plaintiff now seeks recovery of unpaid wages for a different period of time than the time for which [s]he sought to recover wages in the small claims action." *Tovar*, 119 A.D.3d at 1128.[3] "Stated another way, 'when a plaintiff brings

---

[3] Plaintiff attempts to distinguish *Tovar* by noting that she now asserts claims under FLSA and NYLL but did not assert such claims in small claims court. Put transparently, she contends that she is now seeking relief not for underpayment during a different period of time but rather for violations of different statutes. This does nothing to save plaintiff's case because res judicata "bar[s] claims arising from the same transaction even if brought under different statutes," *Mayle*

8

an action for only part of [her] cause of action, the judgment obtained in that action precludes [her] from bringing a second action for the residue of the claim.'" *Id.* at 1129 (quoting *Stoner v. Culligan, Inc.*, 32 A.D.2d 170, 171-72, 300 N.Y.S.2d 966 (3d Dep't 1969)). Because any claim for overtime wages – whether for work performed before Simmons's termination or for wages owed following an allegedly wrongful termination – "had matured at the time that plaintiff commenced the prior action, plaintiff could have also raised the current claim at that time and was not entitled to split [her] claim for unpaid wages into separate actions," *id.* (citations omitted).

Stressing a distinction without a difference, Simmons continues that a claim for unpaid overtime wages "can mean overtime pay at straight time (less than the statutory overtime rate) for overtime hours (weekly hours over 40)," as opposed to overtime pay at the statutory rate, which she seeks now. (Opp'n at 8, ECF No. 11-6). Nonetheless, regardless of whether Simmons sought overtime pay at straight time or at the statutory rate under FLSA or NYLL, her claims to wages at each rate matured simultaneously and could have been raised in the small claims proceeding. Res judicata bars "all other claims arising out of the same transaction or series of transactions . . . even if based upon different theories or if seeking a different remedy." *Tovar*, 119 A.D.3d at 1128 (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 429 N.E.2d 1158, 445 N.Y.S.2d 687 (1981)). Consequently, even assuming that plaintiff sought only straight time before the small claims court, her prayer for the statutory rate in the present action

---

*v. Felix*, 545 U.S. 644, 673, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 n.22, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982)). More precisely, in seeking to avoid the res judicata bar, the question is not whether Simmons did or did not advance all of her claims in the small claims proceeding. The question is whether she could have. Plaintiff offers no reason why, and the Court is aware of none, other than her own election of remedies, she could not have done so.

9

does nothing to save her claim from the res judicata bar.

IV. Other Issues

Plaintiff raises a handful of additional challenges to the application of res judicata. They are uniformly meritless. First, plaintiff argues that, because an arbitrator, rather than a judge, presided over the small claims court proceeding, res judicata does not apply. But, New York law is unambiguous that res judicata does apply to judgments entered on the decisions of arbitrators. *Simpson v. County of Westchester*, 5 A.D.3d 780, 781, 773 N.Y.S.2d 881 (2d Dep't 2004) ("Once a controversy is heard and a decision has been made by either an arbitrator, a commissioner, or a judge, that is the end of the matter." (citations and internal quotation marks omitted)); *Yarmosh v. Lohan*, 16 Misc.3d 119(a), 847 N.Y.S.2d 900, 2007 WL 2254342, at *2 (Suffolk Cty. Dist. Ct. July 19, 2007) (unpublished table decision) ("Res Judicata applies to arbitration awards with the same force and effect as it applies to judgments of the court." (quoting *McNally Int'l Corp. v. N.Y. Infirmary-Beekman Downtown Hosp.*, 145 A.D.2d 417, 417, 535 N.Y.S.2d 388 (2d Dep't 1988))); *see also Lobban v. Cromwell Towers Apartments, L.P.*, No. 18-cv-247 (CS), 2018 WL 5447544, at *8 n.4 (S.D.N.Y. Oct. 29, 2018) (recognizing that arbitral judgments may preclude future FLSA and NYLL claims), *appeal dismissed*, No. 18-3583 (2d Cir. Dec. 12, 2018). In short, the fact that an arbitrator decided the small claims action is irrelevant.

Relying on Judge Friendly's 1959 opinion in *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943 (2d Cir. 1959), Simmons argues next that federal wage and hour policy neutralizes any res judicata effect of the prior small claims judgment.[4] In *Caserta*, the Second Circuit held that,

---

[4] Simmons further invokes the Second Circuit's decision in *Cheeks v. Freeport Pancake House*,

10

in FLSA cases, an "argument of estoppel ignores that [FLSA cases] lie[] in an area where agreements and other acts that would normally have controlling legal significance are overcome by Congressional policy." *Id.* at 946. This is of no moment to the present action. This portion of *Caserta* simply stands for the proposition that employers cannot relieve themselves of their obligations under FLSA by contract. If Trans Express asserted that it was not bound to pay Simmons at an overtime rate because her employment contract did not provide for overtime pay, *Caserta* would defeat this argument. Sweeping away the straw man, as to Trans Express's real argument, that plaintiff's claims are barred by the affirmative defense of res judicata, *Caserta* is entirely irrelevant. Asserting this defense does not allow employers to avoid their obligations under FLSA. Simmons's decision to bring her wage and hour claims in small claims court merely capped her remedies; it did not alter her claims or defendant's liability under the law. In any event, "[n]o provision of the FLSA bars the application of res judicata." *Klein v. Ryan Beck Holdings, Inc.*, No. 06 Civ. 3460 (WCC), 2007 WL 2059828, at * 7 (S.D.N.Y. July 13, 2007), *as amended* (July 20, 2007). Simmons cannot, therefore, invoke these unfounded policy considerations to evade the consequences of her decision to sue initially in small claims court.

Finally, Simmons contends that the small claims court's notice of judgment does not adequately describe the reasons for the court's decision. She invokes the fact that the arbitrator's decision was not appealable because there was no transcript of the proceedings and argues that this precludes the Court from applying res judicata.[5] However, "[f]or more than 100 years, New

---

*Inc.*, 796 F.3d 199 (2d Cir. 2015), which requires district courts to scrutinize any waiver of FLSA claims, but the relevance of this requirement to the instant matter is unclear, since *Cheeks* deals with settlement, not litigated claims reduced to judgment post-trial.

[5] Although Simmons attributes the parties' inability to appeal the judgment of the small claims court to the lack of a record, pursuant to New York City Civil Court Act § 1807, Simmons

11

York courts have held that the correctness of a judgment has no bearing on its preclusive effect." *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 336 (E.D.N.Y. 2012) (citing *Griffin v. Long Island R.R. Co.*, 102 N.Y. 449, 452, 7 N.E. 735 (1886); *Ins. Co. of State of Pa. v. HSBC Bank USA*, 10 N.Y.3d 32, 40 n.4, 882 N.E.2d 381, 852 N.Y.S.2d 812 (2008)). "[A]ll legal conclusions – whether erroneous or correct – are treated identically for purposes of res judicata." *Ins. Co. of State of Pa.*, 10 N.Y.3d at 40 n.4. Consequently, there is no need to determine the grounds for the small claims court's conclusion. Moreover, a detailed transcript of a prior proceeding is clearly not required before invoking res judicata because "under New York law a default judgment . . . has res judicata effect equal to that of a judgment on the merits," *Clark v. Cavalry Portfolio Servs., LLC*, No. 17-cv-99 (VB), 2017 WL 6757224, at *3 (S.D.N.Y. Dec. 29, 2017) (citing *Lazides v. P&G Enters.*, 58 A.D.3d 607, 609, 871 N.Y.S.2d 357 (2d Dep't 2009)). As a result, the Court need not undertake a searching review of the small claims court record before applying res judicata, and the lack of such a record will not limit the preclusive effect of the small claims court's judgment.

---

"waived all right to appeal" by "commencing an action upon a small claim" in small claims court and then consenting to arbitration of it. *See* N.Y. City Civ. Ct. Act § 1807. Clearly and dispositively, moreover, the rules of procedure applicable to the small claims proceeding required plaintiff's consent before submitting her claim to arbitration, and this consent included a waiver of her right to appeal. *See* 22 N.Y.C.R.R. § 208.41(n)(2) ("The parties shall sign a consent which shall contain . . . an affirmation that the decision of the arbitrator is final and that no appeal shall lie from the award.").

## Conclusion

For the foregoing reasons, defendant's motion to dismiss is granted, and the complaint is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
       February 7, 2019

                                            s/ ENV

                                        ERIC N. VITALIANO
                                        United States District Judge