19-438
*Simmons v. Trans Express Inc.*

# United States Court of Appeals
# For the Second Circuit

August Term 2019

Argued: January 17, 2020
Decided: April 13, 2020

No. 19-438

---

CHARLENE SIMMONS,

*Plaintiff-Appellant*,

*v.*

TRANS EXPRESS INC.,

*Defendant-Appellee*.

---

Appeal from the United States District Court
for the Eastern District of New York
No. 18-cv-5938, Eric N. Vitaliano, *Judge*.

---

Before: HALL, SULLIVAN, AND BIANCO, *Circuit Judges*.

Plaintiff-Appellant Charlene Simmons sued Defendant-Appellee Trans Express Inc. under the Fair Labor Standards Act and the New York Labor Law, alleging that she was entitled to unpaid overtime wages, liquidated damages, and attorneys' fees. Trans Express moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Simmons's suit is barred by claim preclusion because of a previous case involving the same parties in

CERTIFIED COPY ISSUED ON APRIL 13, 2020

Queens Small Claims Court.  The district court (Eric N. Vitaliano, *J.*) granted Trans Express's motion.  On appeal, Simmons maintains that neither the state statute pertaining to New York City small claims court judgments nor "traditional" claim preclusion principles bar her federal suit.  Because Simmons's appeal turns on a question of New York law for which no controlling decisions of the New York Court of Appeals exist, and about which courts in the New York Appellate Division are divided, we CERTIFY the question to the Court of Appeals.

QUESTION CERTIFIED.

> ABDUL K. HASSAN, Abdul Hassan Law Group, PLLC, Queens Village, New York, *for Plaintiff-Appellant* Charlene Simmons.
>
> EMORY D. MOORE, JR. (P. Kevin Connelly, *on the brief*), McDermott Will & Emery LLP, Chicago, Illinois, *for Defendant-Appellee* Trans Express Inc.

RICHARD J. SULLIVAN, *Circuit Judge*:

Plaintiff-Appellant Charlene Simmons sued Defendant-Appellee Trans Express Inc. under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), alleging that she was entitled to unpaid overtime wages, liquidated damages, and attorneys' fees.  Trans Express moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that Simmons's suit is barred by claim preclusion because of a previous case involving the same parties in Queens Small Claims Court.  The district court (Eric N. Vitaliano, *Judge*) granted Trans Express's motion,

2

determining that (1) claim preclusion applies to judgments rendered in New York small claims court, (2) no exception to claim preclusion applied to Simmons's federal suit due to the limits on recovery in small claims court, and (3) claim preclusion barred Simmons's suit because her claims arose from the same facts as the small claims court action and could have been raised in that action.  On appeal, Simmons maintains that New York City Civil Court Act § 1808 ("Section 1808") – the relevant state res judicata statute pertaining to New York City small claims court judgments – does not bar her federal suit.  Because this issue turns on a question of state law for which no controlling decisions of the New York Court of Appeals exist, and about which New York's Appellate Division is divided, we certify the proper interpretation of Section 1808 to the Court of Appeals, pursuant to 22 N.Y.C.R.R. § 500.27 and 2d Cir. R. 27.2(a).

I. Background

Simmons worked for Trans Express, a transportation services company headquartered in Brooklyn, as a driver from April 2012 to April 2013 and again from June 2016 to June 2018.  After her employment with Trans Express ended, Simmons sued Trans Express in August 2018 in Queens Small Claims Court, seeking "monies arising out of nonpayment of wages."  App'x at 18.  After trial

3

before a small claims arbitrator, the court awarded Simmons a $1000 judgment and a $20 disbursement. Trans Express paid this amount and satisfied the judgment on September 28, 2018.

Thereafter, on October 24, 2018, Simmons filed this federal suit. She alleged that, despite her working in excess of forty hours a week, Trans Express did not pay her time-and-a-half for her overtime hours, thereby violating the unpaid overtime provisions of the FLSA and several provisions of the NYLL. She sought a declaratory judgment as well as an award of unpaid wages, liquidated damages, interest, costs, and attorneys' fees.

Trans Express moved to dismiss the complaint pursuant to Rule 12(b)(6), contending that Simmons's prior small claims court action barred her federal suit under the doctrine of claim preclusion. The district court agreed and granted Trans Express's motion. First, the district court determined that "res judicata applies to judgments of New York's small claims courts" and that Section 1808, which provides that judgments in small claims courts "shall not be deemed an adjudication of any fact at issue or found therein in any other action or court," concerned only issue preclusion, not claim preclusion. *Id.* at 25. Consequently, the fact that a small claims court adjudicated Simmons's prior claim did not

4

"rescue th[e] action from the bar of res judicata, if the bar [was] otherwise applicable." *Id.* at 26.

Second, the district court rejected Simmons's claim that "res judicata d[id] not apply because the small claims court was only empowered to award $5,000 in damages and the present action seeks greater relief." *Id.* Though the court acknowledged that "formal jurisdictional or statutory barriers" precluding a plaintiff from asserting a claim in a previous action could prevent the application of res judicata, *id.* (quoting *Weitz v. Wagner*, No. 07-cv-1106 (ERK) (ETB), 2008 WL 5605669, at *3 (E.D.N.Y. July 24, 2008), *report and recommendation adopted*, ECF No. 54 (E.D.N.Y. Aug. 11, 2008)), it determined that New York does not consider the small claims court damages limit to meet that requirement.

Third, the district court determined that, because the claims in Simmons's federal suit arose from her employment at Trans Express and had accrued prior to the small claims court action, Simmons could have asserted the claims in the prior proceeding. Therefore, her federal suit was barred by claim preclusion.

Fourth, the district court disagreed with Simmons's contention that "federal wage and hour policy neutralizes any res judicata effect of the prior small claims judgment," *id.* at 31, rejecting her interpretation of *Caserta v. Home Lines Agency*,

5

*Inc.*, 273 F.2d 943 (2d Cir. 1959). Instead, the district court construed *Caserta* to "simply stand[] for the proposition that employers cannot relieve themselves of their obligations under [the] FLSA by contract." App'x at 32.

Finally, the district court determined that the small claims court's failure to describe in detail the reasons for its decision did not preclude the district court from applying claim preclusion, because "there is no need to determine the grounds for" a court's judgment before giving it preclusive effect. *Id.* at 33.

On appeal, Simmons challenges the district court's determination that claim preclusion bars her federal suit, raising three broad arguments. First, Simmons asserts that Section 1808 provides for a narrow form of res judicata that allows subsequent claims "involving the same facts, issues and parties," and therefore, does not bar her current case. Simmons's Br. at 14–23. Second, she maintains that even if Section 1808 mirrors "traditional" principles of claim preclusion, her current suit is not barred because she did not assert, and could not have asserted, the claims raised here in her small claims case. *Id.* at 24–31. Third, again relying on *Caserta*, she asserts that claim preclusion is not a cognizable defense to FLSA and NYLL claims because it is incompatible with the policy goals of those statutes.

6

II. STANDARD OF REVIEW

"We review *de novo* the dismissal of a complaint under Rule 12(b)(6), accepting all allegations in the complaint as true and drawing all inferences in favor of the plaintiff." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). "Our review of a district court's application of *res judicata* is also *de novo*." *Id*.

III. DISCUSSION

A. The New York Courts' Conflicting Interpretations of Section 1808

"Under the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id*. at 499 (quoting *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000)). Because a New York small claims court decided Simmons's previous action, New York law determines the preclusive effect of that judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). Consequently, to answer whether claim preclusion bars Simmons's federal suit, we must first determine what preclusive

7

effect New York courts give to judgments rendered in New York small claims court.

Section 1808, the New York state statute governing the preclusive effects of New York City small claims court judgments, states:

> A judgment obtained under this article shall not be deemed an adjudication of any fact at issue or found therein in any other action or court; except that a subsequent judgment obtained in another action or court involving the same facts, issues and parties shall be reduced by the amount of a judgment awarded under this article.

Simmons asserts that Section 1808 narrowed the preclusive effects of res judicata for small claims court judgments and allows for "subsequent litigation of claims that arise out of the same or related facts with claims in the prior [small claims court] action." Simmons's Br. at 14. She supports her interpretation of the statute by first contending that "small claims judgments only have res judicata effect as to 'the *exact same* claim in subsequent proceedings.'" *Id.* at 16 (quoting *Farbstein v. Hicksville Pub. Library*, 323 F. Supp. 2d 414, 423 (E.D.N.Y. 2004)). She next asserts that the plain language of Section 1808 "specifically allows [her] to bring a claim in a subsequent action involving the same issues and parties and even the same facts" and points to the fact that the statute includes a "set-off provision" reducing future awards "by the amount of a judgment awarded under this article." *Id.* at

8

21–22 (quoting Section 1808). She last appeals to the "structure, purpose and intent" of the small claims court, urging that "the purpose of . . . [Section] 1808 and small claims court is to allow for expedited recovery of small claims through the informal process of small claims court without an attorney, while preserving bigger statutory claims for other higher courts." *Id.* at 23.

It cannot be doubted that Simmons's textual contentions have persuasive force. Section 1808 clearly contemplates a subsequent action "involving the same facts, issues and parties" as the small claims court action. The statute even provides for a set-off in those circumstances: "a subsequent judgment . . . shall be reduced by the amount of a judgment awarded" in small claims court. The text's plain meaning thus strongly supports Simmons's interpretation.

The New York Court of Appeals has yet to interpret Section 1808, and despite the appeal of Simmons's textual interpretation, the conflicting decisions of the Appellate Division leave us unable to predict how the high court would rule. *See Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000) ("Absent law from a state's highest court, a federal court sitting in diversity has to predict how the state court would resolve an ambiguity in state law."). Although the Appellate

9

Division decisions to date all agree that small claims court judgments have *some* preclusive effect, they differ as to the contours of that effect.

For example, in *Katzab v. Chaudhry*, No. 10383/2006, 2006 WL 6102979 (N.Y. Sup. Ct. Sept. 21, 2006), the plaintiff, who had a contract with a doctor for cosmetic surgery, sued the doctor in small claims court for breach of contract, personal injury, and medical malpractice. She withdrew the medical malpractice and personal injury claims, which she subsequently asserted in a second action in state Supreme Court. The small claims court then rendered a judgment on the breach of contract claim. In the Supreme Court case, the defendant contended that the "action should be dismissed because it is based on the same set of facts . . . as set forth in the [small claims court] action, [and therefore is] barred by res judicata." *Id.* The Supreme Court agreed and dismissed the case under Section 1808, but the Second Department reversed, relying on the same statute. *Katzab v. Chaudhry*, 849 N.Y.S.2d 804, 804 (2d Dep't 2008). The Second Department reaffirmed *Katzab* in *Merrimack Mutual Fire Insurance Co. v. Alan Feldman Plumbing & Heating Corp.*, 961 N.Y.S.2d 183, 184 (2d Dep't 2013), explaining that the "claims in [*Katzab*] were not the same as the ones previously asserted in [the] small claims action[]." In other words, even though the breach of contract, personal injury, and medical

malpractice claims in *Katzab* arose from the same facts, the claims were not the "same" for purposes of Section 1808. *See id.*

The First and Third Departments, however, have interpreted Section 1808 quite differently. In *Tovar v. Tesoros Property Management, LLC*, 990 N.Y.S.2d 307, 308 (3d Dep't 2014), the plaintiff sued his employer for unpaid wages for a specific time period in small claims court, and then sued that same defendant for unpaid wages for a different time period in state Supreme Court. The Third Department rejected plaintiff's claim that the previous small claims court judgment did not preclude the claim he was asserting in Supreme Court under Section 1808, explaining that it was "evident that the claim brought by plaintiff in [small claims court] and the instant action ar[o]se out of the same series of transactions in connection with his work for defendants." *Id.* at 309. The court further rejected plaintiff's contention that Section 1808 divests small claims court judgments of any res judicata effect and held that "the language of th[e] statute . . . only prevents small claims judgments from having issue preclusion effect (collateral estoppel), but not from having claim preclusion effect (res judicata), in subsequent actions." *Id.* at 310.

11

In *Platon v. Linden-Marshall Contracting Inc.*, 109 N.Y.S.3d 41 (1st Dep't 2019), the First Department held similarly, determining that "[a]lthough judgments of the small claims court are statutorily prohibited from having collateral estoppel or issue preclusive effect, [Section 1808] does not divest the small claims judgment of its res judicata, or claim preclusion, effect," *id.* at 42 (internal quotation marks and citations omitted). The court concluded that "plaintiff's negligence, fraudulent inducement, and General Business Law claims [were] barred by the doctrine of res judicata, as they arose out of the same transaction or occurrence as plaintiff's prior breach of contract claim." *Id.* The First Department has also held that where a plaintiff asserted a claim in small claims court and received a judgment, Section 1808 barred the plaintiff from asserting the same claim in Supreme Court for higher damages. *Chapman v. Faustin*, 55 N.Y.S.3d 219, 220 (1st Dep't 2017).

We are thus left to survey a landscape of conflicting Appellate Division decisions. All the New York courts that have interpreted Section 1808 agree that it has *some* preclusive effect, despite the statute's clear language that "a subsequent judgment obtained in another action or court involving the same facts, issues and parties" would seemingly not be precluded but merely be "reduced by the amount of a judgment awarded" in small claims court. However, the New York courts do

not agree on the details of Section 1808's preclusive effect. On the one hand, the Second Department interprets Section 1808 not to preclude a plaintiff from asserting claims in Supreme Court that arise out of the same facts or occurrences as claims previously asserted in small claims court. *See Katzab*, 849 N.Y.S.2d at 804. On the other hand, the First and Third Departments interpret Section 1808 to bar such claims. *See Platon*, 109 N.Y.S.3d at 42; *Tovar*, 990 N.Y.S.2d at 309. Given these divergent understandings of Section 1808, we are unable to predict based on the current state of New York case law how the Court of Appeals would interpret Section 1808.

### B. Certification to the New York Court of Appeals

"Although the parties did not request certification, we are empowered to seek certification *nostra sponte*."[1] *Corsair Special Situations Fund, L.P. v. Pesiri*, 863 F.3d 176, 182–83 (2d Cir. 2017) (citation omitted). Under the New York Court of Appeals' rules, "[w]henever it appears to . . . any United States Court of Appeals . . . that determinative questions of New York law are involved in a case

---

[1] At oral argument before this Court, held on January 17, 2020, Simmons argued that certification to the New York Court of Appeals was not necessary, but nevertheless indicated an openness to certification should the panel deem it appropriate. Six days later, Simmons filed a motion to certify two questions to the New York Court of Appeals: (1) whether Section 1808 precluded her FLSA and NYLL claims in this case, and (2) whether res judicata is a cognizable defense under the FLSA and NYLL in light of those statutes' policy goals. (Doc. No. 67.)

13

pending before that court for which no controlling precedent of the Court of Appeals exists, the court may certify the dispositive questions of law to the Court of Appeals." 22 N.Y.C.R.R. § 500.27(a); *see also* 2d Cir. R. 27.2(a) ("If state law permits, the court may certify a question of state law to that state's highest court.").

This Court's decision to certify questions to the Court of Appeals is discretionary, and when exercising that discretion we consider whether: (1) "the New York Court of Appeals has not squarely addressed an issue and other decisions by New York courts are insufficient to predict how the Court of Appeals would resolve it;" (2) "the statute's plain language does not indicate the answer;" (3) "a decision on the merits requires value judgments and important public policy choices that the New York Court of Appeals is better situated than we to make;" and (4) "the questions certified will control the outcome of the case." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 42 (2d Cir. 2010) (internal quotation marks and citation omitted). Each of these factors weighs in favor of certification in this case.

First, the Court of Appeals has not interpreted Section 1808, and the Appellate Division's decisions have reached conflicting determinations as to the proper scope of its preclusive effect. Second, though Section 1808's plain language

allows a litigant to bring a claim "involving the same facts, issues and parties" as a claim that has been brought to judgment in small claims court – merely offsetting any subsequent judgment by the amount of the small claims court judgment – courts in at least two departments of the Appellate Division have not interpreted the statute in that manner. Third, resolving the proper interpretation of Section 1808 will inevitably require the application of New York principles of statutory interpretation and may turn on value judgments and policy choices that the Court of Appeals is best suited to make, balancing the interests of the unsophisticated parties who appear as plaintiffs in small claims court and the need to ensure the efficient administration of judicial resources in New York state courts. Fourth, the proper interpretation of Section 1808 is a necessary component to our determination of whether Simmons's federal suit is barred by res judicata.[2]

Because these factors weigh in favor of certification, we certify the question formulated below to the Court of Appeals.

---

[2] Although we reserve judgment on whether claim preclusion is a cognizable defense under the FLSA in light of the policy goals of that statute, we need not even address that issue if the New York Court of Appeals determines that Section 1808 has no preclusive effect on claims that arise from the same facts, issues, and/or parties that were the subject of a prior judgment in small claims court.

CONCLUSION

For the reasons stated above, the Court hereby certifies the following question to the New York Court of Appeals:

> Under New York City Civil Court Act § 1808, what issue preclusion, claim preclusion, and/or res judicata effects, if any, does a small claims court's prior judgment have on subsequent actions brought in other courts involving the same facts, issues, and/or parties? In particular, where a small claims court has rendered a judgment on a claim, does Section 1808 preclude a subsequent action involving a claim arising from the same transaction, occurrence, or employment relationship?

We invite the Court of Appeals to reformulate this question as it sees fit or expand it to address any other issues of New York law that would assist this Court in determining whether Simmons's federal suit is barred by Section 1808.

It is hereby ORDERED that the Clerk of this Court transmit to the Clerk of the New York Court of Appeals this opinion as our certificate, together with a complete set of briefs, appendices, and the record filed in this case by the parties. The parties shall bear equally any fees and costs that may be imposed by the New York Court of Appeals in connection with this certification. This panel retains jurisdiction for purposes of resolving this appeal once the New York Court of Appeals has responded to our certification.

In light of our opinion, we further DENY Simmons's motion to certify (Doc. No. 67) as MOOT.

CERTIFICATE

The foregoing is hereby certified to the New York Court of Appeals pursuant to 22 N.Y.C.R.R. § 500.27(a) and 2d Cir. R. 27.2(a), as ordered by the United States Court of Appeals for the Second Circuit.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

17